UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JULIE D. | : |
| | : |
| v. | :    C.A. No. 23-00182-WES |
| | : |
| MARTIN O'MALLEY, Commissioner | : |
| Social Security Administration | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on May 8, 2023 seeking to reverse the Decision of the Commissioner. On October 16, 2023, Plaintiff filed a Motion to Reverse or Remand the Decision of the Commissioner. (ECF No. 14). On December 13, 2023, Defendant filed a Motion to Affirm the Commissioner's Decision. (ECF No. 17). On January 9, 2024, Plaintiff filed a Reply Brief. (ECF No. 19).

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse or Remand (ECF No. 14) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 17) be GRANTED.

I.  PROCEDURAL HISTORY

Plaintiff filed an application for SSI on February 4, 2021 (Tr. 218-227) alleging disability since October 31, 2019. The Application was denied initially on July 16, 2021 (Tr. 96-108) and on reconsideration on August 26, 2021. (Tr. 110-120). Plaintiff requested an Administrative Hearing. On March 17, 2022, a hearing was held before Administrative Law Judge Paul Goodale (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 30-69). The ALJ issued an unfavorable decision to Plaintiff on April 27, 2022. (Tr. 10-25). The Appeals Council denied Plaintiff's request for review on March 8, 2023. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

II.  THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in discounting the mental RFC opinion of her treating nurse practitioner, Anna Flaherty, RNP, and made legally unsupported findings at Step 5 regarding job availability.

The Commissioner disputes Plaintiff's arguments and contends that the ALJ properly evaluated Nurse Flaherty's opinions and that Plaintiff waived any Step 5 challenge by failing to cross-examine the vocational expert at the hearing.

III.  THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621

F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings

of fact.  Id.  The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone.  See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers).  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors.  Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency

(how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/ examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel,

-6-

and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

### B.     Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the

right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.   Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.   The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant

bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.  Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the

claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

1. **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and

laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4) Treatment, other than medication, for relief of pain;
>
> (5) Functional restrictions; and
>
> (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)). Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017). It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

## V. APPLICATION AND ANALYSIS

### A. The ALJ's Decision

At Step 1 of the sequential evaluation process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since February 4, 2021, the application date (20 C.F.R. § 416.971 et seq.). (Tr. 15). At Step 2, the ALJ found that Plaintiff has the following severe impairments (20 C.F.R. § 416.920(c)): major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, substance abuse disorder, degenerative disk disease of the lumbar and cervical spine, and bilateral carpal tunnel syndrome. Id. Migraine headaches and lower

extremity neuropathy were found nonsevere, and Plaintiff's alleged stroke and seizure disorder were found not medically determinable. (Tr. 15-16).

At Step 3, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (40 C.F.R. §§ 416.920(d), 416.925 and 416.926). (Tr. 16). Listings 1.15, 1.14, 12.04, 12.06, 12.08, and 12.15 were considered and rejected. (Tr. 16-17). The ALJ determined Plaintiff's RFC to be generally for light work as defined in 20 C.F.R. § 416.967(b) but with the following limitations:

> She could stand or walk up to four hours in an eight-hour workday. She could occasionally stoop, crouch, crawl, kneel, balance (as defined in the SCO), and climb ramps or stairs, but could not climb ladders, ropes, or scaffolds. She could do frequent handling and grasping bilaterally. She should avoid concentrated exposure to workplace hazards such as dangerous machinery (excluding motor vehicles) and unprotected heights. The claimant could do simple, routine, repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple work-related decisions, with few, if any, workplace changes. She could have occasional contact with the general public and superficial (i.e., brief, routine, perfunctory) contact with coworkers, and occasional contact with supervisors, with some additional contact during training periods.

(Tr. 18).

At Step 4, the ALJ determined that Plaintiff is unable to perform any past relevant work (20 C.F.R. § 416.965). (Tr. 23). At Step 5, it was determined that there is substantial other work available in the national economy that Plaintiff could perform, including office helper (DOT 239.567-010), order caller (DOT 209.667-014), and parking lot attendant (DOT 915.473-010), leading to a finding of "not disabled." (Tr. 24).

### B. Plaintiff Has Shown No Legal Error in the ALJ's Evaluation of Nurse Flaherty's Opinion

Plaintiff clarifies in her Reply Brief that this appeal is not about whether substantial evidence supports the ALJ's finding that Nurse Flaherty's opinion was "largely unpersuasive." (Tr. 23; ECF No. 19 at pp. 1-2). Rather, Plaintiff asserts that the issue is whether the ALJ applied the "correct legal standard" in evaluating the opinion. Id. In particular, Plaintiff contends that the ALJ erred by failing to apply the supportability and consistency factors of 20 C.F.R. § 416.920c to Nurse Flaherty's opinion. (ECF No. 14 at p. 9). Plaintiff's argument is unsupported.

Nurse Flaherty completed a mental functioning questionnaire on February 28, 2022. (Tr. 1412). She indicated on the questionnaire that Plaintiff was markedly impaired in most respects but only moderately impaired in her ability to interact with others. Id. Nurse Flaherty provides no narrative explanation of the bases for her opinions, and her handwritten treatment records are largely indecipherable. (See, e.g., Tr. 1413). The ALJ found Nurse Flaherty's opinions to be "largely unpersuasive" and clearly explains why in his decision. (Tr. 23).

Consistent with the regulations, the ALJ applied the supportability and consistency factors to Nurse Flaherty's questionnaire in finding it unpersuasive. (Tr. 23) (citing Tr. 1412-1423). See 20 C.F.R. § 416.920c(c)(1)-(2). As noted, Nurse Flaherty provided her opinions "in a checkbox type of form without explanation provided for the basis of her opinion." (Tr. 23). That was a proper "supportability" reason for the ALJ to discount the opinions. See 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").

Moreover, the ALJ also looked closely at the longitudinal examination records to see if they were consistent with Nurse Flaherty's findings and overall found nothing to substantiate marked or disabling restrictions. (Tr. 23). Rather, the ALJ accurately observed that Plaintiff's objective cognitive functioning was generally intact throughout the relevant period, despite her ongoing substance abuse, (Tr. 20-21), and her subjective symptoms improved with treatment. (Tr. 23; see, e.g., Tr. 1199-1203), allowing her to enjoy time outside with her dogs, hiking, and skydiving (Tr. 21 n.2; see, e.g., Tr. 1212, 1226, 1236). The ALJ also followed the regulation by comparing the consistency of Nurse Flaherty's assessment of marked restrictions with "evidence from other medical sources," 20 C.F.R. § 416.920c(c)(2) and pointing to the "the minimal findings on the comprehensive consultative examination performed by Dr. Dragone-Hyde" on June 24, 2021. (Tr. 23) (citing Tr. 1178-1182). Finally, the ALJ found the opinions of the psychological consultants (Dr. Olson and Dr. Hughes) that Plaintiff had no more than moderate limitations in mental functioning to be generally persuasive. (Tr. 22; Exhs. B3A and B5A). Again, those opinions were plainly inconsistent with the opinions of Nurse Flaherty which are an unsupported outlier on this record. Plaintiff's effort to recast her argument as a claimed regulatory violation fails. She has not shown the ALJ failed to properly apply 20 C.F.R. § 416.920c.

When boiled down, Plaintiff's argument is that the ALJ should have given more weight to the opinions of Nurse Flaherty because they are "entirely consistent with and more than supported by the substantial evidence of record." (ECF No. 14 at p. 9). In response to this argument, the Commissioner persuasively points out that Plaintiff's assertion that the records "are all consistent with Nurse Flaherty's assessment of marked limitations" (ECF No. 14 at p. 5) is conclusory and nothing more than an improper request for this Court to reweigh the

-15-

evidence that Plaintiff wishes to emphasize, while "ignor[ing] the equally substantial evidence" that the ALJ and four consulting medical experts relied upon to support the RFC. (ECF No. 17 at p. 7, citing David H. v. Kijakazi, C.A. No. 21-333-WES, 2022 WL 2816775, at *4 (D.R.I. July 19, 2022).

In sum, the Court agrees that Plaintiff's challenge to the ALJ's evaluation of the record in this case inappropriately asks it to reweigh the evidence in a manner more favorable to her. See, e.g., Seavey v. Barnhart, 276 F.3d 10 (the ALJ is responsible for weighing the evidence and resolving conflicts). "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also." Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)). In other words, the issue presented is not whether this Court would have rendered a disability finding reviewing this record de novo but rather whether the record contains substantial evidence sufficient to support the ALJ's findings. Since Plaintiff has shown no error in the ALJ's evaluation of the medical evidence or in his ultimate findings, and those findings are adequately supported by the record, the ALJ's decision must be affirmed.

### C. The VE's Testimony

At Step 5, the VE testified that a person with Plaintiff's RFC and vocational/educational characteristics could do the jobs of Office Helper, Order Caller, Toll Collector, and Parking Lot Attendant. (Tr. 63-64). The VE testified as to the following national job number estimates: Office Helper (10,488 jobs); Order Caller (11,888 jobs); Toll Collector (6,403 jobs); and Parking Lot Attendant (36,800). Id. Plaintiff opted not to cross-examine the VE regarding any of this testimony and indicated to the ALJ that "I believe you have covered it." (Tr. 66). In his Step 5 determination,

the ALJ relied upon the VE's uncontroverted expert testimony to find that Plaintiff's RFC was not work preclusive and thus she was not disabled. (Tr. 23-24).[1]

Plaintiff now asserts that the VE's failure to explain the basis for the "cited numbers or how they were determined" creates impermissible ambiguity requiring remand. (ECF No. 14 at p 10). The Commissioner persuasively counters that Plaintiff waived this argument by failing to raise it at the administrative level, and that, in any event, substantial evidence supports the VE's testimony. (ECF No. 17 at pp. 9-13).

The Court need not progress beyond the waiver argument. Plaintiff's argument is based on unsupported speculation about the VE's job number testimony manufactured by his counsel's silence at the hearing when offered the opportunity to question the VE. Case law in this District is clear that a Plaintiff is required to first raise such an objection at the administrative level in order to develop an appropriate record and then pursue such a claim before the District Court. See Redley W. v. Kijakazi, No. 23-72-WES, 2023 WL 6057447, at *8 (D.R.I. Sept. 18, 2023); and Isaiah M. v. Kijakazi, No. 23-150-MSM, 2023 WL 6229637, at *8 (D.R.I. Sept. 26, 2023). "Plaintiff's [ ] argument fails because it was waived by Plaintiff's failure to raise his challenge…before the ALJ." Scott B. v. Kijakazi, No. CV 21-481MSM, 2022 WL 17335993, at *9 (D.R.I. Nov. 30, 2022), report and recommendation adopted, No. 1:21-cv-00481-MSM, 2023 WL 1794576 (D.R.I. Feb. 7, 2023). This is true, even in cases such as this, where the burden has shifted to the Commissioner at Step 5. See Gould v. Colvin, No. CV 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017) ("[p]laintiff passed up not one, but two chances to ask a VE to provide the DOT numbers. The failure to do so at either hearing waives her right to raise the issue now."). Because Plaintiff's counsel opted not to

---

[1] The ALJ did not, however, rely upon the VE's testimony regarding the number of toll collector positions available apparently due to concerns about the impact of automation on the number of available positions. (Tr. 64).

question the VE about the numbers provided to address the purported ambiguity of which he now complains, (Tr. 66), the argument is waived.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse or Remand (ECF No. 14) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 17) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 19, 2024